```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  SAMUEL WONG
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2772
 5
 6
 7
 8           IN THE UNITED STATES DISTRICT COURT FOR THE
 9                  EASTERN DISTRICT OF CALIFORNIA
10
    UNITED STATES OF AMERICA,      )
11                                  ) No. 2:11-CR-076 LKK
              Plaintiff,            )
12                                  ) STIPULATION AND ORDER RE:
         v.                         ) DEFENDANT VICTOR GONZALEZ'S
13                                  ) RE-WEIGHING AND RE-TESTING
    CRESENCIO DELGADO-EZQUIVEL,     ) OF EXHIBIT
14  et al.,                         )
                                    )
15            Defendants.           )
                                    )
16  _____)   Court:  Hon. Lawrence Karlton
17
18
19       Whereas, defendant Victor Gonzalez desires to re-weigh and
20  re-test Drug Enforcement Administration ("DEA") Laboratory No.
21  7161746, Exhibit No. 5, as reported in DEA FORM-7, Report of Drug
22  Property Collected, Purchased or Seized, Discovery Document Nos.
23  1018-1079, for quantitative and qualitative analysis of the
24  controlled substance contained therein by a defense expert Edwin
25  Smith of Drug Detection Laboratories, Inc.
26  ///
27  ///
28  ///
```

It is hereby stipulated and agreed to by and between the parties, through their respective counsel, that the Court may enter the attached order to effect the re-weighing and re-testing examination of DEA Laboratory No. 7161746, Exhibit No. 5.

Dated: August 30, 2012        /s/ Dwight Samuel
                              By:
                                  DWIGHT SAMUEL
                                  Attorney for defendant
                                  VICTOR GONZALEZ

Dated: August 30, 2012        BENJAMIN B. WAGNER
                              United States Attorney

                              /s/ Samuel Wong
                              By:
                                  SAMUEL WONG
                                  Assistant U.S. Attorney

_____

**ORDER**

Pursuant to stipulation of the parties and good cause appearing therefrom, IT IS HEREBY ORDERED, pursuant to F.R.Crim.P. 16(a)(1)(E), that the United States shall allow the defense to independently inspect and weigh Drug Enforcement Administration ("DEA") Laboratory No. 7161746, Exhibit No. 5, and perform a qualitative and quantitative analysis of a representative sample from DEA Exhibit No. 5 to determine the identification, purity, and/or concentration of any controlled substances, and, if methamphetamine, calculated as the hydrochloride salt form.

IT IS FURTHER ORDERED that at a mutually convenient date and time on or before September 7, 2012, that the DEA Exhibit No. 5, seized in the above referenced case, shall be made available by the United States and the DEA Western Laboratory at the DEA Western Laboratory to Edwin Smith of Drug Detection Laboratories, Inc., DEA License No. PL0242709, 9700 Business Park Drive, Suite 406, Sacramento, California 95827, Phone (916) 366 3113, FAX (916) 366 3917. A Forensic Chemist from the DEA Western Laboratory shall provide the exhibit to Edwin Smith of Drug Detection Laboratories, Inc., who shall conduct the weighing and remove a representative sample at the DEA Western Laboratory, using his own equipment and supplies (including, without limitation, scale, calculated weights, sample vials, bottles, spatula, paper, and bags) and without the assistance of any DEA personnel for any reason. The DEA Forensic Chemist and/or other DEA Special Agent or Task Force Officer may be present and observe/oversee and document the weighing and sampling for chain of custody or security purposes.

IT IS FURTHER ORDERED, that the representative sample shall be in the amount of no more than 500 milligrams from the composite of DEA Exhibit No. 5. Upon the completion of the sample removal and weighing, the defense expert shall, forthwith, return the remaining DEA Exhibit No. 5 to the DEA Forensic Chemist in attendance. DEA will then promptly ship the representative sample to Edwin Smith at Drug Detection Laboratories, Inc., 9700 Business Park Drive, Suite 406, Sacramento, California 95827, upon his signature requesting such shipment in accordance with DEA policy.

1     IT IS FURTHER ORDERED, that within fourteen days of
2 receiving DEA Exhibit No. 5, the defense expert shall conduct the
3 quantitative analysis ordered herein to determine the
4 identification, and purity or concentration of any controlled
5 substances in the sample of DEA Exhibit No. 5, and the defense
6 expert shall provide the United States with the scientific
7 results and reports of examination which state: (1) the quantity
8 of the entire DEA Exhibit No. 5 weighed; (2) the quantity of DEA
9 Exhibit No. 5 consumed during testing; (3) either the weight of
10 the remaining sample from DEA Exhibit No. 5 returned to the
11 United States, or a statement that all of the sample was consumed
12 during testing; and (4) the results of the defense expert's
13 quantitative analysis to determine the identification and purity
14 or concentration of any controlled substances, and, if
15 methamphetamine, calculated as the hydrochloride salt form, in
16 the sample of DEA Exhibit No. 5.

17     IT IS FURTHER ORDERED that all remaining material of the
18 sample of DEA Exhibit No. 5 after testing is to be returned by
19 Edwin Smith to the DEA Western Regional Laboratory, 390 Main
20 Street, Room 700, San Francisco, California 94105, via registered
21 United States Mail, return receipt requested, or approved
22 commercial carrier, within five (5) business days after the
23 completion of analyses.

24     IT IS FURTHER ORDERED, that the defendant shall provide the
25 United States with a copy of the results or report of the
26 physical examinations and scientific tests or experiments which
27 resulted from the analyses conducted under this Order.

28     IT IS FURTHER ORDERED, that Edwin Smith and Drug Detection

Laboratory, Inc., shall safeguard the representative sample received, preserving the chain of custody in a manner to faithfully protect the integrity of the exhibit received. Any failure to follow the aforementioned procedures will render the re-weighing and re-testing results scientifically invalid. In addition, any failure by the defense to maintain the proper chain-of-custody will not render DEA Exhibit No. 5 inadmissible for this reason.

IT IS FURTHER ORDERED, that time from the date of this stipulation to and including September 21, 2012, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) (Local Code T4) (preparation by defense counsel) to allow for the re-testing by the defense of DEA Exhibit No. 5.

Dated: September 4, 2012

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT